MAINTENANCE — TURNPIKE AUTHORITY 1. Under 69 O.S. 1705 [69-1705] (1974) and 69 O.S. 1716 [69-1716] (1971), it is the responsibility of the State Turnpike Authority to maintain overpasses and access roads leading to turnpikes. 2. County commissioners do have recourse against the Turnpike Authority for damage to public property resulting from the Turnpike Authority carrying out the power granted to it by the statutes. 3. The Turnpike Authority does have responsibility for repairing faulty construction of an overpass bridge as part of the turnpike complex. 4. The Turnpike Authority may be liable for damage to the property of a private individual occasioned by faulty construction of overpass made part of a turnpike system. The Attorney General has considered your opinion request wherein you ask several questions relating to the responsibility for repair and upkeep of the overpass and access roads connected with and related to state turnpikes. These questions, in essence, ask: 1. Does the State Turnpike Authority have responsibility for maintenance of overpass and access roads leading to a turnpike? 2. Do county commissioners have recourse against the Turnpike Authority and/or their contractors to rectify damage to county roads caused by excess water runoff from the creation of the turnpike? 3. Does the Turnpike Authority have responsibility for repairing faulty construction of an overpass bridge as part of the turnpike complex? 4. Is the Turnpike Authority liable for injury to the property of a private individual occasioned by the faulty construction of an overpass made part of a turnpike system? The law relating to turnpikes in Oklahoma is found in Article 17 of Title 69 of the Oklahoma Statutes. Section 69 O.S. 1705 [69-1705] of Title 69 sets out the general powers and duties of the Oklahoma Turnpike Authority. Title 69 O.S. 1705 [69-1705] (1974) provides in part: "The Authority is hereby authorized and empowered: "(e) To construct, maintain, repair and operate turnpike projects and highways, with their access and connecting roads, at such locations and on such routes as it shall determine to be feasible and economically sound; . . . "All access roads, interchanges, or lead roads connecting such turnpikes with existing highways must be built by funds furnished by the Authority." It is clear from reading the cited statute that the Turnpike Authority has the responsibility for construction and maintenance of access roads leading to a turnpike. Although not as specific, it appears that the above cited section together with 69 O.S. 1716 [69-1716] (1971) places the responsibility on the Oklahoma Turnpike Authority for construction and maintenance of overpasses. Section 69 O.S. 1716 [69-1716] provides in part: "(a) Each turnpike project when constructed and opened to traffic shall be maintained and kept in good condition and repair by the Authority. . . ." By definition, it would appear that if the Turnpike Authority failed to maintain overpasses in conjunction with a turnpike project that the turnpike would not be maintained and kept in good condition and repair as provided by the statutes. Your first question should therefore be answered in the affirmative. Under 69 O.S. 1705 [69-1705] (1974) and 69 O.S. 1716 [69-1716] (1971) it is the responsibility of the State Turnpike Authority to maintain overpasses and access roads leading to turnpikes. You indicate in your letter that the actual construction of turnpike projects (specifically the Cimarron Turnpike) has caused large amounts of water and silt to flow over adjacent county roads causing damage. Title 69 O.S. 1705 [69-1705] (1974) provides: "The Authority is hereby authorized and empowered: "(d) To sue and be sued in contract, reverse condemnation, equity, mandamus and similar actions in its own name, plead and be impleaded; . . . All privileges granted to the Authority and duties enjoined upon the Authority by the provisions of this article may be enforced in a court of competent jurisdiction in an action in mandamus. "(i) . . . Provided, that all public property damaged in carrying out the powers granted by this article shall be restored or repaired and placed in its original condition as nearly as practical. . . ." (Emphasis added) It appears from reading the above-cited statutes that the Turnpike Authority does have responsibility and may be sued as a result of damage caused to public property. There are no cases in Oklahoma construing these provisions, and whether recovery for damages to public property as a result of runoff may be made is a question of fact to be determined through the judicial process. Your second question should be answered in the affirmative. County commissioners do have recourse against the Turnpike Authority for damage to public property resulting from the Turnpike Authority carrying out the powers granted to it by the statutes. The law and rationale in the answer to your first question also answers your third question. The Turnpike Authority does have responsibility for repairing faulty construction of an overpass bridge as part of the turnpike complex. In your fourth question you ask if the Turnpike Authority would be liable for injury to the property of a private individual as the result of its acts. Title 69 O.S. 1716 [69-1716] (1971) provides in part: ". . . All private property damaged or destroyed in carrying out the powers granted by this Article shall be restored or repaired and placed in its original condition as nearly as practical or adequate compensation made therefor out of funds provided under the authority of this Article." It is clear from a reading of this statute, together with 69 O.S. 1705 [69-1705] (1974), that the Turnpike Authority is responsible to restore or replace in its original condition as nearly as practical private property damaged or destroyed by carrying out its duties under Article 17 of the Oklahoma Statutes. In the alternative, the Turnpike Authority is obligated to make adequate compensation for such damage caused out of funds provided to this Authority. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Your first question should be answered in the affirmative. Under 69 O.S. 1705 [69-1705] (1974) and 69 O.S. 1716 [69-1716] (1971), it is the responsibility of the State Turnpike Authority to maintain overpasses and access roads leading to turnpikes. Your second question should be answered in the affirmative. County commissioners do have recourse against the Turnpike Authority for damage to public property resulting from the Turnpike Authority carrying out the powers granted to it by the statutes. Your third question is answered in the affirmative. The Turnpike Authority does have responsibility for repairing faulty construction of an overpass bridge as part of the turnpike complex. Your fourth question is answered in the affirmative. The Turnpike Authority may be liable for damage to the property of a private individual occasioned by faulty construction of overpass made part of a turnpike system. (Paul C. Duncan)